2016-61553 / Court: 334

9/13/2016 2:34:44 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12673733
By: Monica Ovalle
Filed: 9/13/2016 2:34:44 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **GLENN HENSCHEID,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE AUTO PROPERTY &** | § | |
| **CASUALTY INSURANCE COMPANY** | § | |
| | § | |
| *Defendant.* | § | \_\_\_\_ **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff Glenn Henscheid (hereinafter "Plaintiff" or "Henscheid"), by and through the undersigned counsel, files this *Plaintiff's Original Petition*, complaining of State Auto Property & Casualty Insurance Company (hereinafter "State Auto") and would respectfully show this Honorable Court the following:

### I.
### DISCOVERY PLAN

1. Plaintiff intends discovery to be conducted under Level 1 of the Texas Rules of Civil Procedure, Rule 190.2.

### II.
### PARTIES

2. Plaintiff is an Individual that owns real property in Harris County, Texas.

3. Defendant State Auto is a foreign insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by certified mail, return receipt requested, by serving its Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. Service is hereby requested.



EXHIBIT A-1

Certified Document Number: 71876091 - Page 1 of 10

## III.
## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action because Plaintiff seeks damages within the jurisdictional limits of this Court and because the causes of action asserted herein are not subject to exclusive jurisdiction in another court.

5. This Court has jurisdiction over Defendant State Auto because this Defendant is an insurance company that engages in the business of insurance in Texas, and Plaintiff's causes of action arise out of this defendant's business activities in Texas.

6. Venue is proper under Texas Civil Practice and Remedies Code § 15.001 *et. seq.* because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in Harris County, Texas. Furthermore, venue is proper in Harris, County, Texas under Texas Civil Practice and Remedies Code § 15.032 because the insured property is located in this county.

## IV.
## FACTUAL BACKGROUND

7. Plaintiff is the owner of a Texas Homeowner's Insurance policy (hereinafter referred to as "the Policy"), which was issued by Defendant.

8. State Auto sold and issued Plaintiff the Policy insuring the Property against damages caused by hail, windstorm and other covered perils.

9. On or about April 19, 2015, Plaintiff owned real property with improvements located at 19810 Lajuana Lane, Spring, Texas 77388, located in Harris County (hereinafter referred to as "the Property").

10. On or about April 19, 2015, the Property described above sustained severe damages to the roof due to the direct force of wind and hail. As a result, the inside of the Property sustained

extensive damage, including interior damage to the master bedroom ceiling and living room walls and ceiling.

11. Plaintiff duly notified State Auto of the damage sustained, and asked that Defendant pay for damages to the Property and other damages covered by the terms of the Policy.

12. State Auto then assigned Plaintiff Claim No. PR-0000000-092054 (hereinafter "the Claim").

13. After its investigation, State Auto ultimately denied the coverage for the roof and exterior of the property, misrepresenting to Plaintiff that no covered damage was found to the roof or exterior despite reasonably clear evidence to the contrary. State Auto also underpaid the interior portion of the claim and misrepresented that the admittedly covered interior damages fell below the policy deductible of $2,203.00.

14. As set forth below, State Auto failed to comply with the Policy, the Texas Insurance Code, and Texas law in handling Plaintiff's Claim by:

   a) Wrongfully denying Plaintiff's Claim for full repairs to the Property even though the Policy provides coverage for losses such as those Plaintiff is claiming;

   b) Improperly and inadequately scoping the damages to the Property during Defendant's investigation; and

   c) Continuing to delay in the payment of damages to the Property, including the home and contents.

15. Additionally, State Auto breached its contractual obligation to Plaintiff by continuing to refuse to adequately compensate Plaintiff for the damage to the Property pursuant to the terms of the Policy. Notably, State Auto refused to pay for the proceeds of the Policy despite the fact pre-suit demand for payment in an amount sufficient to cover the damage to the Property was made.

16. Plaintiff complied with all obligations under the Policy, and all conditions precedent to recovery upon the Policy are satisfied.

17. State Auto continues to delay in the payment of the damage to the Property despite Plaintiff's requests. Accordingly, Plaintiff has still not been paid in full for the damages to the Property.

18. As a result of State Auto's wrongful acts and omissions, Plaintiff was forced to retain legal counsel to represent Plaintiff with respect to these causes of action.

## V.
## CAUSES OF ACTION

### BREACH OF CONTRACT

19. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

20. Although Plaintiff fully cooperated with State Auto, and despite the fact that all conditions precedent to recovery have been performed, waived, excused, or otherwise satisfied, State Auto has failed and refused to pay to Plaintiff the benefits due under the Policy/contract of insurance in question, which was in full force and effect at the time of the occurrence which forms the basis of this lawsuit.

21. Plaintiff has been required by the actions of State Auto to retain the services of undersigned counsel and has agreed to pay undersigned counsel reasonable attorney's fees.

22. State Auto's breach proximately caused Plaintiff's injuries and damages.

### UNFAIR SETTLEMENT PRACTICES

23. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

Certified Document Number: 71876091 - Page 4 of 10

24. State Auto violated TEX. INS. CODE § 541.060(a) by engaging in unfair settlement practices during the handling of the claim. All of State Auto's violations are actionable pursuant to TEX. INS. CODE § 541.151.

25. State Auto engaged in the following unfair settlement practices:

   a) Pursuant to TEX. INS. CODE § 541.060(a)(1), misrepresenting to Plaintiff material facts or Policy provisions relating to the coverage at issue by indicating that the damage to the Property was not covered under the Policy even though it was reasonably clear that the damage was caused by a covered peril.

   b) Pursuant to TEX. INS. CODE § 541.060(a)(2)(A), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though State Auto's liability under the Policy was reasonably clear. Specifically, State Auto failed to make an attempt to settle the Claim fairly despite the fact that State Auto was aware of its liability to Plaintiff under the Policy.

   c) § 541.060(a)(3): not promptly providing the policyholder with a *reasonable* explanation for the denial of the claim. Specifically, State Auto's explanation that there was no coverage for roof or exterior damages was unreasonable because obvious evidence of wind and hail damage to the roof of the property was at all times reasonably clear during State Auto's claim investigation.

   d) Pursuant to TEX. INS. CODE § 541.060(a)(7), refusing to pay Plaintiff's Claim without conducting a *reasonable* investigation with respect to the Claim. State Auto's outcome-oriented investigation of the Claim resulted in an unfair evaluation of the damage to Plaintiff's Property.

26. Each of the foregoing unfair settlement practices was committed with knowledge by State Auto, and was a producing cause of Plaintiff's injuries and damages.

**MISREPRESENTATION OF INSURANCE POLICY VIOLATIONS**

27. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

28. Additionally, State Auto's made misrepresentations about Plaintiff's insurance policy and claim in violation of TEX. INS. CODE § 541.061. All of State Auto's violations are actionable pursuant to TEX. INS. CODE § 541.151.

29. State Auto engaged in deceptive insurance practices by making an untrue statement of material fact in violation of § 541.061(1). Specifically, State Auto represented that Plaintiff's property damages were not covered under the policy, even though Plaintiff's property damage was the result of a peril covered under the policy.

30. Each of the foregoing unfair settlement practices was committed with knowledge by State Auto, and was a producing cause of Plaintiff's injuries and damages.

### PROMPT PAYMENT OF CLAIMS VIOLATIONS

31. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

32. Plaintiff's Claim is a claim under the insurance Policy issued by State Auto, of which Plaintiff gave State Auto proper notice. As set forth more fully below, State Auto's conduct constitutes a violation of the Texas Prompt Payment of Claims Statute, which is made actionable by TEX. INS. CODE § 542.060.

33. Specifically, State Auto violated the Prompt Payment of Claims provisions of TEX. INS. CODE § 542 by delaying payment of the Claim following State Auto's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE § 542.058. Specifically, State Auto delayed full payment of the Claim and, to date, Plaintiff has still not received any payment on this Claim.

### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/BAD FAITH

34. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

35. Since Plaintiff initially presented the Claim to State Auto, the liability of State Auto to pay the full claim in accordance with the terms of the Policy was reasonably clear. The water

damage to Plaintiff's home did not occur before the wind and hail storm of April 19, 2015. Defendant's contention that a non-covered peril caused the water damage is illogical, because surely the water damage would have occurred far in advance of the hail and wind storm of April 19, 2015. It is no coincidence that there was no water damage prior to the storm, and significant water damage just after. The wind and hail damages to the property was at all times reasonably clear during Defendant's claim investigation, such that any adjuster or insurance carrier acting in good faith would know or should have known to acknowledge and accept coverage for such damages.

36. Instead, Defendant purposely failed to acknowledge and accept full coverage for reasonably clear hail and wind damage. Alternatively, Defendant was grossly negligent in failing to acknowledge and accept full coverage for the reasonably clear wind and hail damages to the property.

37. As a result of State Auto's outcome-oriented investigation, State Auto continues to refuse to pay Plaintiff in full for the Claim.

38. State Auto denied coverage and delayed payment for the full amount of Plaintiff's claim when it had no reasonable basis for doing so. State Auto knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, and its failure, as set forth above, to adequately and reasonably investigate and evaluate Plaintiff's Claim, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

39. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

40. Each of the acts as set forth in each of the afore-mentioned causes of action, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

## VII.
## DAMAGES

41. Plaintiff would show that all of the aforementioned acts, taken together or independently, establish the producing causes of the damages sustained by Plaintiff.

42. Plaintiff's damages have yet to be fully addressed or repaired since the incident, causing further damage to the Property and causing undue burden to Plaintiff. Upon trial of this case, it will be shown that these damages are a direct result of State Auto's improper handling of the Claim in violation of the laws set forth above.

43. For the breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the Claim, together with attorneys' fees.

44. As a result of the noncompliance with the Texas Insurance Code Unfair Settlement Practices provisions, Plaintiff is entitled to actual damages, which includes the loss of the contractual benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For Defendants' knowing conduct in violating these laws, Plaintiff respectfully requests treble damages pursuant to TEX. INS. CODE § 541.152.

45. Pursuant to TEX. INS. CODE § 542.060, as a result of the noncompliance with the Texas Insurance Code Prompt Payment of Claims provisions, Plaintiff is entitled to the entire amount of the Claim, eighteen (18) percent interest per annum on the amount of the Claim and reasonable and necessary attorneys' fees.

46. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from State Auto's breach, exemplary damages, and damages for emotional distress.

47. As a result of the necessity in engaging the services of an attorney to prosecute this claim, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

48. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is seeking only monetary relief of $75,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## VIII.
## JURY DEMAND

49. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury, and hereby tenders the appropriate jury fee.

## IX.
## REQUEST FOR DISCLOSURE

50. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the information or material described in Rule 194.2.

## X.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that upon trial hereof, final judgment be rendered for Plaintiff as follows:

1) Judgment against Defendant for actual damages, including mental anguish, in an amount to be determined by the jury;

2) Statutory penalties;

3) Treble damages;

Case 4:16-cv-03263   Document 1-3   Filed in TXSD on 11/04/16   Page 10 of 11

4) Exemplary and punitive damages;

5) Prejudgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of this suit; and

9) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE LANE LAW FIRM**

By: */s/ Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
chip.lane@lanelaw.com
Jack Kitchen
State Bar No. 24084320
jack.kitchen@lanelaw.com
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
(713) 595-8200 – Telephone
(713) 595-8201 – Facsimile
**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 71876091 - Page 10 of 10

- 10 -



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   October 31, 2016

Certified Document Number:        71876091 Total Pages: 10

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**